UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Criminal Case No. 17-CR-20469

Jason Manning,
                                              Sean F. Cox
    Defendant.                      United States District Court Judge

_____/

## ORDER DENYING DEFENDANT'S MOTION
## TO RECONSIDER DETENTION ORDER FOR PRETRIAL RELEASE

This matter is currently before the Court on Defendant's Motion to Reconsider Detention Order for Pretrial Release (Docket Entry No. 18). Defendant appeared before the Court on September 7, 2017, for a hearing on this matter. For the reasons below, the Court finds that the Government has established that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Therefore, the Court shall DENY Defendant's Motion.

### BACKGROUND

Defendant made his initial appearance in this matter on June 27, 2017. On June 30, 2017, Defendant consented to an order of detention. On July 11, 2017, a grand jury returned an indictment charging Defendant with: 1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); 2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and 3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Defendant filed the instant motion on August 2, 2017 and the government filed a response in opposition on August 7, 2017. Pretrial Services has prepared a report for the Court,

wherein it recommends that Defendant be detained pending trial. The Court held a hearing in this matter on September 7, 2017.

## APPLICABLE LAW

A defendant ordered detained by a magistrate judge may file a motion for revocation of the detention order, pursuant to 18 U.S.C. § 3145(b). The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985); *see also United States v. Koubriti,* 2001 WL 1525270 (E.D. Mich. 2001).

There is a rebuttable presumption in favor of detention where there is probable cause to believe the defendant committed a controlled substance offense for which the maximum term of imprisonment is 10 years or more. 18 U.S.C. § 3142(e)(3)(A). There is also a rebuttable presumption in favor of detention where there is probable cause to believe the defendant possessed a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 3142(e)(3)(B). A grand jury indictment satisfies the probable cause requirement. *United States v. Stone*, 608 F.3d 939, 946-47 (6th Cir. 2010). The § 3142(e) presumption imposes a burden of production on the defendant to show that he does not pose a danger to the community or a risk of flight. *Id*. at 945. The government retains the burden of persuasion "to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946.

A criminal defendant may be detained pending trial if a judicial officer determines that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142(e). When making this determination, the Court shall take into account the various factors enumerated in § 3142(g), which include: 1) the nature and circumstances of the offenses charged

(§ 3142(g)(1)); 2) the weight of the evidence against the person (§ 3142(g)(2)); 3) the history and characteristics of the person (§ 3142(g)(3)); and 4) the nature and seriousness of the danger to any person the community that would be posed by the person's release (§ 3142(g)(4)).

## ANALYSIS

Defendant's indictment on charges of possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime triggers the statutory presumption in § 3142(e). In response, Defendant has presented some evidence intended to show that he is not dangerous or a flight risk. Nonetheless, even if Defendant has satisfied his burden of production, the Court concludes that the factors set forth in § 3142(g) weigh in favor of the determination that no condition or combination of conditions will reasonably assure Defendant's appearance and assure the safety of the community.

As to the nature and circumstances of the charge, the charges against Defendant are serious and weigh in favor of detention. Defendant is charged with 1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); 2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and 3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Crimes involving controlled substances and firearms are specific factors for consideration under § 3142(g)(1). Further, the applicability of the § 3142(e) presumption in to the charged crimes reflects Congress' substantive judgment that offenders charged with these crimes should typically be detained prior to trial. *Stone*, 608 F.3d at 945.

The Court has also carefully considered Defendant history and characteristics. The Court recognizes that Defendant is a resident of the District and has the support of his family. But

Defendant is also unemployed and has a significant criminal history. In the past ten years, Defendant has received three felony convictions for controlled substance offenses. Notably, in 2008, Defendant was sentenced to 14 months in prison and three years' supervised release for conspiracy to possess with intent to distribute heroin and crack cocaine. Defendant later violated the terms of his supervised release by engaging in new criminal activity and was sentenced to 21 months' imprisonment. This factor weighs in favor of detention.

As to the weight of the evidence against Defendant, the weight of the evidence of dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). Defendant has three narcotics related felony convictions and numerous narcotics related arrests.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. The Court is mindful of Congress's determination "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hinton*, 113 Fed. Appx. 76, 78 (2004), quoting *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989). And this case is not an outlier; Defendant's criminal record reflects a significant history of drug trafficking. Accordingly, this factor weighs in favor of detention.

## CONCLUSION AND ORDER

Having considered the record in light of the above factors, the Court concludes that the Government has established by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Accordingly, the Court DENIES Defendant's Motion to Reconsider

Detention Order for Pre-Trial Release.

       IT IS SO ORDERED.

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: September 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2017, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy
                                        Case Manager