UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                           Criminal Case No. 17-20469

Jason Manning and Gregory Hendon,
                                                Sean F. Cox
    Defendants.                 United States District Court Judge

_____/

**OPINION AND ORDER GRANTING MOTION FOR ADDITIONAL
DISCOVERY AND MOTION TO EXCLUDE 404(b) EVIDENCE,
DENYING MOTION TO QUASH INDICTMENT WITHOUT PREJUDICE,
DENYING MOTION FOR REVOCATION OF DETENTION ORDER,
AND SETTING MOTION TO SUPPRESS EVIDENCE FOR HEARING**

In this criminal case Defendants Jason Manning and Gregory Hendon have filed Motions for Additional Discovery (Doc. # 37), to Quash the First Superseding Indictment for Prejudicial Pre-Indictment Delay (Doc. # 34), to Exclude 404(b) Evidence (Doc. # 33), and to Suppress Evidence (Doc. # 35). Defendant Hendon has also filed a Motion for Revocation of Detention Order (Doc. # 49). The Court held a hearing on these motions on February 16, 2018.

For the reasons below, the Court shall grant the Motion for Additional Discovery, deny the Motion to Quash without prejudice, grant the Motion to Exclude 404(b) Evidence, and deny the Motion for Revocation of Detention order. The Court shall also adjourn the Motion to Suppress Evidence.

**BACKGROUND**

In August 2013, Defendants Jason Manning and Gregory Hendon were arrested after Detroit Police Department officers found them in the same apartment as packets and rocks of

heroin, cell phones, a scale, a loaded shotgun, and some cash. Despite the arrest, Defendants were not charged with a crime.

In 2016, after investigating the use of the recovered shotgun in an April 2013 murder, federal law enforcement officials became aware that Defendants had never been charged for the August 2013 incident. A criminal complaint was issued in June 2017 and a grand jury returned an indictment in July 2017, charging Manning with drugs and weapons offenses. Two months later, the grand jury returned a first superseding indictment against Manning and Hendon.

In February 2018, the grand jury returned a second superseding indictment, charging Manning and Hendon with: conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Doc. # 47). The indictment also charges Manning possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1).

## ANALYSIS

### I. Motion for Additional Discovery

To begin, Defendants have moved for additional discovery, seeking an order compelling the Government to produce numerous discovery items. For the reasons stated at the hearing, the Court shall grant Defendants' motion. The Government shall respond to the requests in ¶¶ 1-6 of that motion. If the Government has any of the discovery requested in those paragraphs, the Government shall produce and/or disclose it to Defendants. If the Government does not have any of the discovery requested in those paragraphs, it shall inform Defendants of this fact.

## II. Motion to Quash the Indictment

Next, Defendants have moved to quash the indictment, arguing that the four-year delay between their arrest and the first superseding indictment violated their due process rights.

Statutes of limitations provide the primary guarantee against "bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322 (1971). But the Due Process Clause also protects against oppressive pre-indictment delay, requiring dismissal if "the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009).

Defendants argue that they have been prejudiced by the dimming of witnesses memory and because res gestae witnesses–a man arrested with Defendants and other individuals at the apartment building that day–cannot be located. But "loss of memory is an insufficient reason to establish prejudice." *United States v. Wright*, 343 F.3d 849, 860 (6th Cir. 2003). And to show prejudice from the absence of witnesses, Defendants must demonstrate that exculpatory evidence was lost and could not be obtained through other means. *United States v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997) (recognizing that a defendant does not show actual prejudice if he has not indicated what the deceased potential witness's testimony would have been). Defendants have not made this showing or otherwise shown that specific evidence has been lost or destroyed. *See Schaffer*, 586 F.3d at 424 (6th Cir. 2009) (holding the defendant did not demonstrate actual prejudice where he did not suggest that specific evidence had been lost or destroyed). Thus, at this stage, they have not shown substantial prejudice and cannot show a due process violation.

Also, even if Defendants could show actual prejudice, they have not shown that the

Government used the delay to gain a tactical advantage. Their argument that there was no basis for the delay is insufficient (and belied by the Government assertion that it was unaware of the basis for the charges until 2016). Instead, Defendants must show that the Government had no valid reason for the delay, *id*. at 426, which they have not yet done. Thus, the Court shall deny the motion to quash the indictment without prejudice.

### III. Motion to Exclude 404(b) Evidence

Defendants also seek to prevent the Government from introducing evidence of the facts and circumstances underlying eleven of their previous arrests and convictions. For Hendon, the Government seeks to admit evidence of four narcotics trafficking convictions and one narcotics-related arrest, all of which occurred between 2009 and 2015. For Manning, the Government seeks to admit evidence of two narcotics-trafficking convictions and four narcotics-related arrests, all of which occurred between 2009 and 2014. Almost all of these incidents occurred within blocks of where Defendants were arrested in this case.

Rule 404(b) of the Federal Rules of Evidence permits the introduction of evidence of prior crimes so long as the evidence bears on a relevant issue rather than merely to show propensity. *United States v. Clay*, 667 F.3d 689, 693-94 (6th Cir. 2012). The rule includes a non-exhaustive list of permissible purposes: "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Here, the Government argues that the prior acts are admissible as evidence of Defendants' intent.

A three-step process governs the admissibility of evidence under Rule 404(b). First, the Court must decide whether there is sufficient evidence that the other act actually occurred. *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). Then the Court must determine

4

"whether the evidence of the other act is probative of a material issue other than character." *Id*. If so, the Court "must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Id*.

For the first step, all that is required is a determination that "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). For the six convictions, Defendants' guilty pleas are admissions that they committed the charged crimes. *McMann v. Richardson*, 397 U.S. 759, 766 (1970). As for the arrests, Defendants have not argued that the arrests did not occur. Thus, at this stage, the Government's assertion that law enforcement officers will testify about the arrests and their underlying conduct at trial suffices for the first step of the 404(b) analysis.

Next, the Court must consider whether the evidence is probative of a material issue other than character. The Government is offering the evidence to prove intent, a listed purpose in Rule 404(b). Because Defendants have been charged with specific intent crimes–possession with intent to distribute heroin and conspiracy to do the same–intent is a material issue. *See United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) ("[W]here the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise.").

To determine whether the prior incidents of drug trafficking are probative of intent, the Court must consider "whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue." *United States v. Carter*, 779 F.3d 623, 625 (6th Cir. 2015). "[T]he prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *United States v.*

5

*Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988).

Prior drug-distribution evidence may be admitted under Rule 404(b) to show intent to distribute. *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (citing cases). And the prior acts are relevant to intent here, as they involve substantially similar conduct that is close in time and place to the charged conduct. All six of the prior convictions are for drug trafficking offenses and the prior arrests were for suspected drug trafficking. All of the prior acts occurred within a few years, and a few blocks, of the charged conduct. *See United States v. Mauldin*, 109 F.3d 1159, 1161 (6th Cir. 1997) (holding evidence of a prior drug dealing offense that occurred near the same location was relevant to prove specific intent); *see also United States v. Perry*, 438 F.3d 642, 647 n. 2 (6th Cir. 2006) ("[A]cts prior to and subsequent to the offense charged are admissible pursuant to Rule 404(b)."). Thus, the prior acts are probative of an issue other than character as they are sufficiently analogous to support an inference of criminal intent.[1]

But this does not end the inquiry. The Court must also assess whether the prejudicial effect of the prior acts evidence substantially outweighs its probative value. The Court recognizes that evidence that Defendants trafficked narcotics in the same location around the same time is highly probative of their intent. *See United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997). But it is not the only method of proof available to the Government. Evidence about the quantity of the drugs seized and the presence of the scale, cash, and shotgun may all be relevant to Defendants' intent to distribute. *See United States v. Bell*, 516 F.3d 432, 446 (6th Cir.

---

[1] Defendants rely primarily on *United States v. Bell*, 516 F.3d 432 (6th Cir. 2008), in which the Sixth Circuit stated that to be probative of intent, prior convictions for drug distribution must have been part of the same drug distribution scheme or had the same modus operandi. *Id*. at 443-44. Their reliance is misplaced. This language from *Bell* is inconsistent with prior Sixth Circuit precedent and that court has since clarified that *Bell* is not controlling. *Hardy*, 643 F.3d at 152.

2008) (finding that intent to distribute could be inferred when police found scales, baggies, and drug paraphernalia in the defendant's possession); *United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995) ("Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone."); *see also United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996) ("One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof."). And more importantly, the potential risk of prejudice looms large. Evidence that Defendants previously committed essentially the same crime, on several occasions, in the same location, will assuredly have a powerful and prejudicial effect on the jury. *Johnson*, 27 F.3d at 1193. Though offered for a permissible purpose, the "reverberating clang" of the evidence will likely leave "the jury to hear only the inference that if [Defendants] did it before, [they] probably did it again." *Merriweather*, 78 F.3d at 1077. The Court finds that this potential prejudicial effect substantially outweighs the probative value of the evidence. Thus, the evidence is not admissible under Rule 404(b) and the Court shall grant Defendants' motion to exclude it.

## IV. Defendants' Motion to Suppress Evidence

Defendants have moved to suppress all of the evidence seized during their arrest, arguing that the officers lacked probable cause to arrest them. As stated at the hearing, the parties agree that the hearing on this motion shall be adjourned until April 20, 2018. If the parties request an evidentiary hearing, they shall notify the Court and file a witness and exhibit list one week prior.

## V. Motion for Revocation of Detention Order

Finally, Defendant Hendon has moved to revoke Magistrate Judge Elizabeth Stafford's order of detention from September 2017 (Doc. # 25).

7

Under 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

This is a presumption case, in that there is a rebuttable presumption in favor of detention because there is probable cause to believe that Defendant committed a controlled substance offense for which the maximum term of imprisonment is 10 years or more and to believe that he possessed a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 3142(e)(3); *see also United States v. Stone*, 608 F.3d 939, 946-47 (6th Cir. 2010) (holding a grand jury indictment satisfies the probable cause requirement). The § 3142(e) presumption imposes a burden of production on Defendant to show that he does not pose a danger to the community or a risk of flight. *Id*. at 945. The Government retains the burden of persuasion "to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946. To determine whether no condition or combination of conditions exist that will reasonably assure Defendant's appearance, the Court shall consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person the community that would be posed by Defendant's release.

To begin, Defendant has produced some evidence to show that he is not dangerous or a flight risk. He proffers that he has a close and supportive family in the District, that before his arrest he was in the process of purchasing a mobile food truck to start his own business, and that there are financially responsible sureties willing to act as a third-party custodian. Yet even if this

evidence satisfies his burden of production, the Court concludes that the § 3142(g) factors weigh in favor of the determination that no condition or combination of conditions will reasonably assure Defendant's appearance and assure the safety of the community.

*Nature and Circumstances of the Charge*. First, the charges against Defendant are serious and weigh in favor of detention. Defendant is charged with multiple drug trafficking offenses and firearm offenses. Crimes involving controlled substances and firearms are a specific consideration under § 3142(g)(1). And the applicability of the § 3142(e) presumption to the charged crimes reflects Congress' substantive judgment that offenders charged with these crimes should typically be detained prior to trial. *Stone*, 608 F.3d at 945.

*Defendant's History and Characteristics*. The Court has also carefully considered Defendant's history and characteristics. The Court recognizes that Defendant has the support of his family and has made apparent efforts to obtain legitimate employment. But these considerations are outweighed by Defendant's significant criminal history, which includes numerous convictions for controlled substances offenses and a prior firearm conviction. Defendant also has a history of probation violations, including committing new crimes while on probation. Thus, this factor weighs in favor of detention.

*Weight of Evidence of Dangerousness*. Next, the Court finds that the weight of the evidence of Defendant's dangerousness is substantial, as he has several previous convictions for narcotics and firearms offenses. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.").

*Nature and Seriousness of the Danger to Any Person in the Community*. Finally, the Court acknowledges that Congress has determined "that drug offenders pose a special risk of

9

flight and dangerousness to society." *United States v. Hinton*, 113 F. App'x 76, 78 (2004). And this case is not an aberration; Defendant's record shows a significant history of drug trafficking and firearm possession.

Weighing these factors, the Court concludes that the Government has established by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Thus, the Court shall deny the motion for revocation of the detention order.

## CONCLUSION AND ORDER

For the reasons above, **IT IS ORDERED** that Defendants' Motion for Additional Discovery is **GRANTED**. The Government **SHALL RESPOND** to the requests made in ¶¶ 1-6 of the motion. The Government shall either produce and/or disclose any of the requested discovery that it possesses or, if it does not have the requested discovery, it shall notify Defendants of this fact.

Defendants' Motion to Quash the Indictment is **DENIED WITHOUT PREJUDICE**. Defendant Hendon's Motion for Revocation of Detention Order is **DENIED**. Defendants' Motion to Exclude 404(b) Evidence is **GRANTED**.

Finally, the hearing on Defendants' Motion to Suppress Evidence is adjourned. The parties **shall appear for hearing on this motion on 4/20/2018 at 2:00 p.m.** If a party wishes to request an evidentiary hearing, **they shall notify the Court and file a witness and exhibit list by 4/13/2018**.

**IT IS SO ORDERED**.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: February 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2018, by electronic and/or ordinary mail.

                                s/Jennifer McCoy
                                Case Manager